# ORIGINAL



## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 JAN -3  AM 9: 48

CLERK C Adams
SO. DIST. OF GA.

|  |  |  |
|---|---|---|
| Teri Lynn Hinkle | ) | |
| **Plaintiff** | ) | |
| | ) | |
| | ) | **Case No: CV 311-091** |
| vs | ) | |
| | ) | |
| CBE GROUP | ) | |
| **Defendant** | ) | |
| | ) | **Trial by Jury Demanded** |

## AMENDED COMPLAINT FOR VIOLATIONS OF THE FCRA

### JURISDICTION

1. This court has jurisdiction under 15 U.S.C. §1681p and 28 U.S.C §1331.

2. All conditions precedent to the bringing of this action have been performed.

### PARTIES

3. The Plaintiff in this lawsuit is Teri Lynn Hinkle, a natural person, who resides in Dodge County, Georgia.

4. The Defendant in this lawsuit is CBE GROUP, an unknown entity with offices at 1309 Technology Park, Cedar Falls, IA 50613

### VENUE

5. The occurrences which give rise to this action occurred in Dodge County, Georgia and Plaintiff resides in Dodge County, Georgia.

6. Venue is proper in the Southern District of Georgia.

## GENERAL ALLEGATIONS

7. Plaintiff pulled her consumer credit reports from the three major credit reporting agencies and found entries by entities that she was unfamiliar with in the reports.

8. Plaintiff determined that her consumer credit report had been pulled on various occasions by various entities she did not recognize and without her consent.

9. Plaintiff found after examination of her TransUnion consumer credit report that Defendant CBE GROUP had pulled Plaintiff's TransUnion consumer credit report in October of 2010. Plaintiff researched the address given and according to their web site CBE GROUP is a third party debt collector.

10. Discovery of violation brought forth herein occurred in May of 2011 and are within the statute of limitations as defined in FCRA, 15 U.S.C. § 1681p.

11. On May 12, 2011 Plaintiff mailed by USPS Certified Letter, number 70100780 000022757734, a NOTICE OF INTENT TO SUE in which she included a redacted page from the credit report showing that CBE GROUP hereinafter CBE, had violated the FCRA by pulling her credit file with no permissible purpose. Plaintiff stated she would accept the statutory damage of $1,000.00 in lieu of litigation if CBE would settle amicably within 10 days from the receipt of the letter. CBE received the letter on May 16, 2011.

12. On or about May 17, 2011 Plaintiff was awakened in the early morning by a telephone call from a man who said he was an attorney representing CBE. Plaintiff did not catch his name. The man stated CBE had settled the matter by requesting the removal of the credit pull off of Plaintiff's credit file and that should put an end to the matter. Plaintiff stated that she was not satisfied with that action and asked that the man

communicate with her in writing as requested in her letter to CBE. The man claimed

he was not "allowed" to do so. Again he tried to argue that removing the violation

was enough to settle the matter but did not provide Plaintiff with any alleged

justification or permissible purpose for CBE pulling the file. Plaintiff insisted CBE

needed to settle the damages under the FCRA or communicate with her in writing,

stating again she had never done business with CBE and ended the call.

13. On May 31, 2011 after giving CBE and the man who claimed to be their counsel ample

time to communicate in writing, Plaintiff sent a NOTICE OF PENDING SUIT letter

with a copy of a federal suit enclosed by USPS Certified mail number 701007800000

22757871, in which Plaintiff offered once again to settle before filing. Neither CBE nor

the man having claimed to be their counsel ever answered the letter in any way.

14. Plaintiff had never heard of CBE before discovering they had obtained her credit file

May of 2011, has never done any business with them and has no contractual

obligations with them.


## Count I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 WILLFUL NON-COMPLIANCE BY DEFENDANT CBE GROUP

15. Paragraphs 1 through 14 are realleged as though fully set forth herein.

16. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

17. TransUnion is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

18. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

19. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

20. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

21. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant CBE GROUP.

22. At no time did Plaintiff give her consent for Defendant CBE GROUP, to acquire her consumer credit report from any credit reporting agency.

23. In October of 2010 CBE obtained the TransUnion credit report for the Plaintiff with no permissible purpose in violation of FCRA, 15 U.S.C. § 1681b. When Plaintiff granted ample opportunity and requested both in writing and verbally for permissible purpose to be presented to her, CBE declined and instead attempted merely to erase the violation .

24. Defendant, CBE has refused to communicate or provide information of any alleged account or other circumstance which could be defined as permissible purpose.

25. The action of Defendant CBE GROUP obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a violation of

FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to

privacy.


Wherefore, Plaintiff demands judgment for damages against Defendant, CBE

GROUP for statutory damages of $1000.00, punitive damages to be determined by this

honorable court, attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: Dic. 30, 2011

Respectfully Submitted,

Teri Lynn Hinkle
322 Bethel Street
Eastman, Georgia 31023
478-374-4132


Service to:

CBE GROUP
1309 Technology Park
Cedar Falls, IA
50613

U.S. POSTAGE
PAID
EASTMAN,GA
31023
DEC 30 '11
AMOUNT

$1.48
00098060-04

UNITED STATES
POSTAL SERVICE

1000          30903