ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 FEB -3 A 11: 33
CLERK_____
SO. DIST. OF GA.

| | | |
|---|---|---|
| TERI LYNN HINKLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 311-091 |
| | ) | |
| CBE GROUP, | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case, which involves a claim brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.* Because she is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

Accordingly, on December 1, 2011, the Court reviewed Plaintiff's complaint in conformity with the IFP statute. Because of pleading deficiencies, Plaintiff was directed to file an amended complaint. (Doc. no. 3). Following an extension of time granted *sua sponte* by the Court (doc. no. 4), Plaintiff filed her amended complaint (doc. no. 5), and it is that document that the Court will now screen.

I.   BACKGROUND

Plaintiff names CBE Group as the sole Defendant in this action.[1] (Doc. no. 5, p. 1.) Plaintiff alleges that she viewed a copy of her consumer report from the credit reporting agency TransUnion in May of 2011, and thereby discovered that Defendant had obtained her consumer report in October of 2010. (Id. at 2.) Plaintiff states that she had never heard of Defendant until discovering that it had obtained her credit file, but that she researched its address and found that "according to [Defendant's] website, [Defendant] is a third party debt collector." (Id. at 2-4.)

Plaintiff explains that on May 12, 2011, she mailed Defendant a Notice of Intent to Sue letter in which she informed Defendant that it "had violated the FCRA by pulling her credit file with no permissible purpose." (Id. at 2.) Shortly thereafter, Plaintiff received a telephone call from an unknown man who identified himself as an attorney for Defendant. (Id.) According to Plaintiff, the man told her that Defendant had "settled the matter by requesting the removal of the credit pull" from her credit file; however, Plaintiff stated that she was unsatisfied with that action and demanded that the man "communicate with her in

---

[1] Plaintiff has previously attempted to file a complaint alleging the same claim under the FCRA against Defendant in this Court. See Hinkle v. CBE Group, CV 311-065, doc. no. 1, p. 1 (S.D. Ga. June 24, 2011). The Court recommended the dismissal of that case because Plaintiff had pleaded her complaint in conclusory fashion and had not alleged specific facts to support her assertions of willful noncompliance with FCRA. Id., doc. no. 4. Specifically, the Court noted that although Plaintiff stated she had no direct dealings with Defendant, one of the "permissible purposes" for obtaining a consumer report under 15 U.S.C. § 1681b(a)(3)(A) would permit a collection agency retained by a creditor to collect on an account of the consumer. Id., doc. no. 4, p. 4. Plaintiff moved to voluntarily dismiss that case without prejudice, which the presiding District Judge granted. Id., doc. no. 6, granted by District Court, doc. no. 7.

writing as requested in her letter." (Id. at 2-3.) Plaintiff further explains that the man claimed that he was unable to do so and again argued that requesting the removal of the credit pull should settle the matter. (Id. at 3.) Plaintiff reports that the man "did not provide [her] with any alleged justification or permissible purpose for [Defendant] pulling the file." (Id.) She further states that she demanded that Defendant "settle the damages under the FCRA or communicate with her in writing," and terminated the call. (Id.)

Plaintiff reports that on May 31, 2011, "after giving [Defendant] and the man who claimed to be their counsel ample time to communicate in writing," she sent Defendant a Notice of Pending Suit letter along with an offer to settle before filing. (Id.) However, Plaintiff alleges that neither Defendant nor its counsel answered her May 31st letter in any way. (Id.)

In line with her previous case and her original complaint in the instant case, Plaintiff reaffirms that she "has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from [Defendant]." (Id. at 4.) Plaintiff further asserts that she never consented to Defendant accessing her consumer report and that Defendant "has refused to communicate or provide information of any alleged account or other circumstance which could be defined as a permissible purpose" for the credit pull. (Id.) Plaintiff maintains that Defendant therefore obtained her consumer report without any permissible purpose, conduct that Plaintiff characterizes as a violation of the FCRA "and an egregious violation of [her] right to privacy." (Id. at 4-5.)

3

## II.   DISCUSSION

As the Court has previously explained, CV 311-065, doc. no. 4; (doc. no. 3), the FCRA prohibits users of information from obtaining a consumer report without a permissible purpose. See 15 U.S.C. § 1681b;[2] Rush v. Macy's New York, Inc., 775 F.2d 1554, 1557 (11th Cir. 1995) ("Under [the FCRA,] civil liability for improper use and dissemination of credit information may be imposed only on a consumer reporting agency or user of reported information who willfully or negligently violates the FCRA." (citing 15 U.S.C.A. §§ 1681n and 1681o)); Milton v. LTD Fin. Servs., CV 210-119, doc. no. 29, p. 5 (S.D. Ga. Jan. 25, 2011) (Wood, C.J.) ("The FCRA imposes civil liability on . . . users of information that obtain credit reports of consumers for purposes not specified in § 1681b."). However, Plaintiff fails to state a claim because she has again pled her FCRA claim in a conclusory fashion.

Federal Rule of Civil Procedure 8(a)(2) provides that, to state a claim for relief, a pleading must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has clarified that this standard does not demand "detailed factual allegations," but "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v.

---

[2]Under 15 U.S.C. § 1681b(f),

> A person shall not use or obtain a consumer report for any purpose unless (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and (2) the purpose is certified in accordance with [15 U.S.C. § 1681e] by a prospective user of the report through a general or specific certification.

Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (quoting Twombly, 550 U.S. at 555)). Moreover, to state a viable claim, the pleader must provide "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949.

Here, Plaintiff fails to state a claim that is plausible on its face. Although Plaintiff continues in her attempts to allege that Defendant violated the FCRA by accessing her consumer report without a permissible purpose, she has again failed to explain how Defendant violated the FCRA. Instead, Plaintiff continues to state, in conclusory fashion, that Defendant has accessed her credit report without a permissible purpose because she "has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from [Defendant]." (Doc. no. 5, p. 4.)

However, as the Court has repeatedly explained (see, e.g., doc. no. 3, p. 4), it is not necessary for Plaintiff to have had direct dealings with Defendant; for example, one of the "permissible purposes" for obtaining a consumer report under 15 U.S.C. § 1681b(a)(3)(A) would permit a collection agency retained by a creditor to collect on an account of the consumer. Thus, if a collection agency – which Defendant appears to be (doc. no. 5, p. 2) – is retained by a creditor to collect a debt owed by a consumer, then it typically has a permissible purpose for obtaining a consumer report in conjunction with its collection

5

activities, so long as it seeks to use information in connection with a transaction that the consumer initiated with the creditor. See 15 U.S.C. § 1681b(a)(3)(A). Notably, in other cases Plaintiff has filed, she has clearly explained how Defendants named in those cases have violated the FCRA. See Hinkle v. Northland Group Inc., CV 311-084, doc. no. 5, p. 2 (S.D. Ga. Nov. 22, 2011) (recommending that Plaintiff's case be allowed to proceed on FCRA claim where Plaintiff alleged that Defendant accessed her consumer report in attempting to collect on a credit card account that Plaintiff did not have).

By contrast, Plaintiff here simply states that although she has corresponded with Defendant, Defendant has not provided her with a "justification" or the permissible purpose for which it accessed her credit report. (Doc. no. 5, p. 3.) However, these allegations do not address the shortcomings that the Court noted when it screened Plaintiff's original complaint because she has still not provided Defendant with notice of the specific factual allegations raised against it or set forth necessary details concerning how actions undertaken by it may have violated the FCRA. Moreover, Plaintiff has not pointed to any provision of the FCRA that requires Defendant to provide a written response to her requests that it provide a permissible purpose for accessing her consumer report. Stated another way, although Plaintiff has elaborated on her original complaint by explaining that she gave Defendant an opportunity to justify accessing her credit report, Defendant's failure to respond does not establish that Defendant accessed her credit report without a permissible purpose. See 15 U.S.C. § 1681b.

Put plainly, the factual matter offered by Plaintiff in her amended complaint

establishes nothing beyond speculation as to the "mere possibility" of a violation of the FCRA, without presenting "enough fact to raise a reasonable expectation that discovery will reveal" unlawful conduct. Twombly, 550 U.S. at 556; see Rush, 775 F.2d at 1557 (affirming dismissal of FCRA claim on the pleadings where the complaint "alleged no facts tending to show that [Defendant] 'willfully' or 'negligently' failed to comply with the FRCA"). The Court therefore concludes that Plaintiff has failed to state a claim under § 1681b, which is the only claim she attempts to assert in her amended complaint.

## III. CONCLUSION

For the reasons set forth above, this Court **REPORTS** and **RECOMMENDS** that Plaintiff's amended complaint be **DISMISSED** for failure to state a claim upon which relief can be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 3rd day of February, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE